### COMMONWEALTH ex rel. FUNK v. MIEHL.

Court of Appeals of Kentucky.
May 22, 1953.

Gilbert Burnett, Alex P. Humphrey, C. Hayden Edwards, Louisville, for appellants.

Herman G. Handmaker, Samuel M. Rosenstein, Louisville, for appellee.

DUNCAN, Justice.

This appeal is from a judgment denying a permanent injunction sought by appellants to abate an alleged gambling nuisance on premises owned by appellee, Max Miehl, at 518 South Fifth Street, Louisville, Kentucky.

There is very little dispute as to the facts. On October 4, 1949, appellee leased a storeroom at the address in question to Mrs. Lillian Winguay for a term commencing on November 1, 1949, and ending October 31, 1951. Although the lessee was never arrested or convicted, the record leaves no doubt that the leased property was used for the operation of a handbook and pos-

sibly other forms of gambling subsequent to the lease. Over a period of seventeen months, seventeen persons were arrested from the premises on thirteen separate occasions on the charge of operating a handbook or engaging in other games of chance, although no convictions were obtained in any case except on charges of disorderly conduct.

Summons in the instant suit was served upon appellee on April 27, 1951. He immediately contacted his tenant, gave her notice to vacate the premises, and possession was surrendered on May 1, 1951. The storeroom remained vacant until February 1, 1952, at which time possession was taken by Kentucky Cardinal Uniform Company under a five-year written lease. It is conceded that the property is now being used for a legitimate business purpose, and there is no reasonable likelihood of the present lessee using it in an unlawful manner.

The record discloses that the appellee is a reputable businessman, who for business purposes acquired the property in question, which is located a substantial distance from his established place of business. Several years ago he was stricken with an illness that has substantially incapacitated him and has required extended periods of absence from Kentucky to more favorable climates. Under the terms of the Winguay lease, the tenant was obligated to make repairs and the rent was transmitted regularly to the landlord. For this reason, there was no occasion for appellee to visit or call upon his tenant, especially in view of his illness and extended absences from Kentucky.

The testimony does not disclose that appellee ever had actual knowledge that his property was being used in an unlawful manner. Appellants concede that no notice of that fact was given to him before the filing of the suit, although a practice was later adopted of notifying property owners after five raids had been made upon their property.

Lack of knowledge on the part of a landlord will not necessarily preclude a court of equity from enjoining a public nuisance on the property which is caused by the tenant. Montgomery v. Commonwealth ex rel. Dummit, 306 Ky. 275, 207 S.W.2d 27. Nor is it necessary that formal or any notice to the landlord precede the maintenance of an action to enjoin a public nuisance. 39 Am.Jur., Page 320, Section 39, Nuisances; City of Newport v. Schmit, 191 Ky. 585, 231 S.W. 54.

One fact always to be considered in the granting or refusal of injunctive relief is whether or not there is any reasonable necessity for the injunction. Abatement pendente lite is not conclusive on the question of necessity. However, where the abatement has continued for a long period of time and the circumstances are such as to indicate that the offensive acts are not likely to be repeated, the court, in the exercise of a discretion inherent in this type proceeding, may properly conclude that the necessity for the injunction no longer exists.

The principle is firmly established and uniformly followed that the application for an injunction is addressed to the sound discretion of the Chancellor. On the record before us, the case was heard twice in the lower court. It was first considered by an ex-Chancellor of the Jefferson Circuit Court on a motion for a temporary injunction, and finally by one of the present Chancellors on the application for a permanent injunction. On both occasions, it was concluded that injunctive relief against the appellee was completely unnecessary. In reviewing that conclusion, we must assume that the two Chancellors were conversant with local conditions and acquainted with the witnesses and parties. Under the circumstances, we are unable to say that the conclusions reached in the lower court indicate an abuse of discretion.

The judgment is affirmed.